IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-00353-WYD-MJW

JING HE, individually,

    Plaintiff,

v.

EMILIO T. GONZALEZ, Director of the U.S. Citizenship and Immigration Services,

    Defendant.

## ORDER

THIS MATTER is before the Court on Defendant's Amended Motion to Dismiss or in the Alternative Motion to Remand (filed August 1, 2007). Defendant moves to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) for lack of jurisdiction and failure to state a claim. In the alternative, Defendant moves for an order of remand to the United States Citizenship and Immigration Services ["USCIS"] to adjudicate the application within 60 days of the receipt of the FBI name check. For the reasons stated below, the motion to dismiss is denied. The motion to remand is granted in part and denied in part as set forth below.

I.    BACKGROUND

Plaintiff Jing He ("Jing") is a citizen of China who has been granted lawful permanent residency status in the United States. According to the response to the motion to dismiss, Jing is 36 years old and has lived in the United States since 1997. On January 24, 2005, Jing filed an application for naturalization with the USCIS. On

February 15, 2005, USCIS made a request to the Federal Bureau of Investigation ["FBI"] for a "name check" (part of the background investigation performed on applicants for naturalization).

On April 12, 2005, Jing was interviewed by USCIS. During that interview, she passed the requisite English language and United States history and government tests. More than two and a half years have passed since the interview and her application has not been adjudicated by USCIS. Defendant contends that the application has not been adjudicated because Jing's FBI name check has not yet been completed.

After many inquiries regarding the status of her application with USCIS to no avail, Jing filed her Complaint for Hearing on Naturalization Application Under 8 U.S.C. § 1447(b) on February 19, 2007. In the Complaint, Jing alleges that she is statutorily eligible to naturalize and become a United States citizen and that her application for naturalization has been unlawfully delayed since April 12, 2005. Jing seeks an order granting her application for naturalization or, in the alternative, an order remanding the application to USCIS with an order that it immediately adjudicate her application.

On July 25, 2007, in an alleged attempt to follow up on the name check, USCIS requested that the FBI expedite the name check. It appears that the name check has still not been completed as the Court has received no information to the contrary.

II. ANALYSIS

Defendant contends that the Complaint must be dismissed because this Court has no jurisdiction to review this matter or to order USCIS or the FBI to naturalize Jing. In the Complaint, Jing asserts four grounds of jurisdiction: (1) 8 U.S.C. § 1447(b), a

provision in the Immigration and Nationality Act; (2) the Mandamus Statute, 28 U.S.C. § 1361, (3) the Declaratory Judgment Act, 28 U.S.C. § 2201, and (4) the federal question statute, 28 U.S.C. § 1331. Defendant argues that none of these statutes provides jurisdiction for Jing's claims.

I start with whether the Court has subject matter jurisdiction pursuant to 8 U.S.C. § 1447(b). This statute states in pertinent part:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.[1] Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

*Id.*

The central purpose of § 1447(b), according to the Ninth Circuit, "was to reduce the waiting time for naturalization applicants." *United States v. Hovsepian*, 359 F.3d 1144, 1163 (9th Cir. 2004) (citing H.R. Rep. No. 101-187, at 8 (1985); 135 Cong. Rec. H4539-02, H4542 (1982) (statement of Rep. Morrison)). The Ninth Circuit held that the statute gives the district court jurisdiction over the naturalization applications, and that the court may rule de novo as to whether to grant the application. *Id.* at 1162- and n. 16 (9th Cir. 2004).

---

[1] 8 U.S.C. § 1446 provides, among other things, that an examination must be conducted upon applications for naturalization, and that "[t]he employee designated to conduct any such examination shall make a determination as to whether the application should be granted or denied, with reasons therefor."

In the case at hand, Jing's interview occurred on April 12, 2005. If the interview constitutes the "examination" referred to in § 1447(b), the 120 day time frame is obviously well past. Defendant argues, however, that completion of the examination is a jurisdictional prerequisite and that the examination includes the FBI background check. Thus, he argues that the 120 day period in § 1447(b) does not begin to run until the FBI background check is complete. I disagree.

I first note that a background check does appear to be needed. *See* 8 C.F.R. § 335.2; *see also* Pub. L. 105-119, Title 1, Nov. 26, 1997, 111 Stat. 2448 (providing "[t]hat, during fiscal year 1998 and each fiscal year thereafter, none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service shall be used to complete adjudication of an application for naturalization unless the Immigration and Naturalization Service has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed, except for those exempted by regulation as of January 1, 1997"). However, according to the federal regulation, this background check is required *before* the USCIS brings an applicant for naturalization in for an examination. *See* 8 C.F.R. § 335.2(b) entitled "Completion of criminal background checks before examination" ("The Service will notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response from the [FBI] that a full criminal background check of an applicant has been completed.)

Based on the foregoing, the regulatory/statutory framework requires the USCIS to first complete the background check and then bring the applicant in for an interview/examination. Once the examination is completed, regardless of whether the background check has been completed, § 1447(b) provides that the agency has 120 days to issue a decision before this Court can assume jurisdiction over the matter. *See Alhassan v. Gonzales*, No. 06-cv-01571-REB-MJW (Order of December 7, 2006) ("USCIS regulations, which require the examination period to be held only after a full criminal background check has been completed . . . , do not allow the USCIS to unilaterally toll petitioner's rights under section 1447(b) simply because it conducts the interview before all necessary security checks have been completed) (citing cases); *Ibrahim v. Dept. of Homeland Security*, No. C-05-139, 2005 WL 2230152, at *3 (S.D. Tex. 2005) ("The USCIS complains that the delay in processing Plaintiff's application is attributable to the FBI, which apparently has been overwhelmed with requests for background checks. However, the USCIS exposed itself to the risk of having § 1447(b) invoked when it failed to follow its regulations (section 335.2(b)).

I further note that the overwhelming majority of cases have held that the interview of the applicant triggers the 120 day time frame, regardless of whether the criminal background check is completed. *See Mahd v. Chertoff*, No. 06-cv-01023-WDM-PAC, 2007 WL 891867, at *2 (D. Colo. 2007); *Al-Farisi v. Mueller*, 492 F. Supp. 2d 335, 337 (S.D.N.Y. 2007); *Lin v. Sec'y, U.S. Department of Homeland Security*, 485 F. Supp. 2d 263, 265 (W.D.N.Y. 2007); *Kheridden v. Chertoff*, No. 06-4792 (SRC), 2007 WL 674707, at *2-5 (D.N.J. 2007); *Hussein v. Gonzales*, 474 F. Supp. 2d 1265,

1267-68 (M.D. Fla 2007); *Juwale v. United States Citizenship and Immigration Services*, No. 06-cv-01837-LTB-MJW, 2007 WL 622227, at *1-2 (D. Colo. 2007); *Aman v. Gonzales*, No. 07-cv-00223-EWN, 2007 WL 2694820, at *3 (D. Colo. 2007); *Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 840-42 (E.D. Va 2006); *Shalan v. Chertoff*, No. 05-10980-RWZ, 2006 WL 42143, at *1-2, (D. Mass 2006); *Al-Kudsi v. Gonzales*, No. 05-1584-PK, 2006 WL 752556, at *1-2 (D. Or. 2006).[2] In each case, the district court held that the term "examination" referred to the date of the applicant's interview as triggering the 120-day period in which a determination must be made.

I do not find the cases cited by Defendant, including *Danilov v. Aguirre*, 370 F. Supp. 2d 441 (E.D. Va. 2005), persuasive on this issue. Indeed, the overwhelming majority of district courts have rejected these cases. *See Hussein*, 474 F. Supp. 2d at 1267-68. As explained in *Hussein*, "[c]ourts have typically rejected the *Danilov* holding for three reasons." *Id.* at 1268. "First, § 1447(b)'s language that the 120-day period being to run 'after the date on which the examination is conducted, implies that there is a specific date upon which the 'examination' occurs." *Id.* "Second, § 1446 distinguishes between examinations and investigations, thus, the plain meaning of the substantive statute is that the examination is separate and apart from the investigation." *Id.* "Third, [USCIS] regulations contemplate a distinction between the examination and the investigation." *Id.*

---

[2] *See also Daami v. Gonzales*, No. 05-3667 (KSH), 2006 WL 1457862, at *3-6 (D. N.J. 2006); *Meyersiek v. U.S. Citizenship and Immigration Serv.*, No. 05-398 ML, 2006 WL 1582397, at *3-4 (D.R.I. 2006); *Shalabi v. Gonzales*, No. 06CV866 RWS, 2006 WL 3032413, at *3-4 (E.D. Mo. 2006); *Khan v. Chertoff*, No. CV-05-00560-PHX-SRB, 2006 WL 2009055, at *1-2 (D. Ariz. 2006); *El-Daour v. Chertoff*, 417 F. Supp. 2d 679, 680-83 (W.D. Pa. 2005); *Essa v. U.S. Citizenship and Immigration Serv.*, No. CIV051449, 2005 WL 3440827, at *2 n. 2 (D. Minn. 2005).

Based on the foregoing, I find that the 120 day frame was triggered by the interview of Jing on April 12, 2005, and that the 120 day period has long since run. Accordingly, I find that this Court has jurisdiction over this case pursuant to 8 U.S.C. § 1447(b). Since § 1447(b) applies, I need not address the arguments that the Court lacks jurisdiction under the mandamus statute or other grounds alleged in the Complaint.

I now turn to what action should be taken by the Court as part of its jurisdiction. Section 1447(b) gives this Court the authority to have a hearing on Jing's application and rule de novo on whether her application for naturalization should be granted. I decline to do so, finding that this is a matter better left to the agency and its expertise in the matter. I find that this is the more sound approach, agreeing with the courts that have held that they do not have the expertise to conduct a criminal background check and determine whether the applicant presents any risk to national security or public safety. *See Khelifa*, 433 F. Supp. 2d at 842-45*; Shalabi v. Gonzales*, No. 06CV866 RWS, 2006 WL 3032413, at *4 (E.D. Mo. 2006); *El-Daour v. Chertoff*, 417 F. Supp. 2d 679, 683-84 (W.D. Pa. 2005). Indeed, I note that this is what the vast majority of courts have done in this situation. This is also in accordance with the "remand rule"—that "[g]enerally speaking, a court . . . should remand a case to an agency for decision of a mater that statutes place primarily in agency hands." *INS v. Ventura*, 537 U.S. 12, 16 (2002).

The issue then becomes whether to remand this case to the USCIS and, if so, what instructions should be given to the USCIS in connection with Jing's application.

I find that a remand is appropriate, in accordance with the cases cited above. Accordingly, I grant Defendant's motion to remand. I deny, however, Defendant's request in his motion to remand that the Court order that USCIS adjudicate the application within 60 days of the receipt of the FBI name check. Jing's application has been pending for almost three years. She was interviewed over two and one half years ago. I find that this delay in processing the application is unreasonable. *See Alkenani v. Barrows*, 356 F. Supp. 2d 652, 657 n. 6 (N.D. Tex. 2005) (suggesting that a delay of two years in processing an application may be unreasonable).

Nonetheless, I recognize that the FBI is responsible for the name check that is delaying resolution of Plaintiff's application. I have no jurisdiction over the FBI as it is not a party to this lawsuit. Moreover, even if the FBI were a party, I note that it is unclear whether the USCIS has the authority to ask the FBI to complete name checks. *Cf. Khdir v. Gonzales*, No. 07-cv-00908-MSK-MEH, 2007 WL 3308001, at * 2-3 and n. 4 (D. Colo. 2007) and *Aman*, 2007 WL 2694820, at *5. USCIS clearly, however, has the authority to ask the FBI to expedite name checks as it did so in this and other cases.

Accordingly, I remand this case to the USCIS with the direction that it use its best efforts to determine the status of Plaintiff's name check and that it take whatever action at its disposal to affirmatively expedite this process. Until the results of the FBI name check are received by USCIS, Defendant is directed to file a status report every **30 days** as to the status of Jing's name check and Defendant's efforts to obtain the results of the name check, including correspondence and any other relevant documents. Once USCIS receives the completed name check, it is directed to make a

decision on Jing's naturalization application as expeditiously as possible, but no later than sixty days after receipt of the name check results.  USCIS shall notify this Court as soon as a determination has been made on Jing's naturalization application.

Based on the foregoing, while on remand this case will remain open so that I can oversee the adjudication process by the USCIS.  Should a decision not be forthcoming on Plaintiff's application in a reasonable time, I will consider alternative remedies.

CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendant's Amended Motion to Dismiss or in the Alternative Motion to Remand (filed August 1, 2007) is **GRANTED IN PART AND DENIED IN PART CONSISTENT WITH THIS ORDER**.  Specifically, the Motion to Dismiss is denied.  The motion to remand is granted in part and denied in part.  It is

FURTHER ORDERED that this case is **REMANDED** to the United States Citizenship and Immigration Service.  However, the case will remain pending in this Court during the remand process.  It is

T     FURTHER ORDERED that the United States Citizenship and Immigration Service shall use its best efforts to determine the status of Plaintiff's name check and that it take whatever action at its disposal to affirmatively expedite this process.  Until the results of the FBI name check are received by USCIS, Defendant is directed to file a status report every **30 days** in this case as directed in this Order.  Once USCIS receives the completed name check, it shall make a decision on Jing's naturalization application as expeditiously as possible, but no later than sixty days after receipt of the

name check results. USCIS shall notify this Court as soon as a determination has been made on Jing's application.

Dated: February 14, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge